MARIE A. RUSSO, APPELLANT, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, RESPONDENT.

No. 20318

May 30, 1990                                    792 P.2d 403

---

*Nancyann Leeder,* State Industrial Claimants' Attorney, Las Vegas, for Appellant.

*Scott Young,* General Counsel, SIIS, Carson City and *William A. Zeigler,* Assoc. Counsel, SIIS, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The sole issue presented in this appeal is whether the State Industrial Insurance System may offset an injured worker's prior lump sum permanent partial disability payment from subsequently restored temporary total disability payments when both payments arose from the same injury. In the action below, the district court approved the offset. We conclude the district court did not err and therefore affirm.

### FACTS

Appellant, Marie A. Russo (Russo), suffered a serious hip injury while working as a buffet runner at the Railroad Pass Casino in Henderson, Nevada. Respondent, State Industrial Insurance System (SIIS), awarded Russo temporary total disability payments (TTD) for lost wages while she could not work. After Russo underwent medical treatment and evaluation, SIIS advised Russo that she would be awarded permanent partial disability (PPD) for her hip condition. Rather than receive her PPD award in installments, Russo elected to accept a lump sum payment of $15,916.66.

Russo's hip condition then worsened due to progressive deterioration caused by the original injury, not by a subsequent, distinct injury. At her request, Russo's claim was reopened on September 22, 1986, and her right to TTD payments was also restored. Beginning October 21, 1986, SIIS deducted $2.89 per day from Russo's TTD payments to offset her earlier receipt of the lump sum PPD award.

Russo appealed SIIS' deduction from her TTD payments to the Department of Administration Hearing Officer. The Hearing Officer affirmed the deduction. Therefore, Russo appealed the Hearing Officer's decision to the Department of Administration Appeals Officer. The Appeals Officer reversed the decision of the Hearing Officer and ordered SIIS to pay all withheld sums to Russo and refrain from reducing her future TTD payments. Because the deductions were not allowed, the Appeals Officer deemed it unnecessary to decide if the $2.89 per day offset was correct.

SIIS subsequently petitioned the district court for judicial review of the Appeals Officer's decision. The district court reversed the Appeals Officer and, reading NRS 616.613(2) in conjunction with NRS 616.587, concluded that the offset was proper. The district court remanded the case to the Appeals Officer to determine if the offset amount was correct. This appeal followed.

## DISCUSSION

Russo argues that SIIS' offset of her prior lump sum PPD payment from later restored TTD payments prevents her from receiving her statutory right to TTD payments equal to two-thirds of her monthly wage. Thus, Russo contends there should be no offset from her TTD payments.

This contention lacks merit. Russo fails to offer any evidence that she has suffered a net loss to her statutory TTD payments. In addition, both NRS 616.613(2) and NRS 616.587 justify the result below. NRS 616.613(2) provides that if a claimant elects to receive PPD payment in installments, the PPD payments would cease while the claimant collected TTD payments. This prevents the claimant from receiving a double-recovery. *See* Breen v. Caesars Palace, 102 Nev. 79, 82, 715 P.2d 1070, 1072 (1986). Therefore, to achieve the same result, we hold that SIIS may offset proportionate amounts of Russo's PPD lump sum payment from her TTD payments.

By clear implication, NRS 616.587 mandates the same out-

come as NRS 616.613(2). NRS 616.587 prohibits the offset of a prior lump sum PPD payment from TTD payments if the subsequent injury is distinct from the first injury. Conversely, because Russo's hip injury is not distinct from her previous injury, Russo's TTD payments may be reduced. Furthermore, when NRS 616.587 was enacted, the legislature was aware that SIIS offset prior lump sum PPD payments from later restored TTD payments and forbade the offset only when there is a subsequent, distinct injury. *Hearing on A.B. 226 before the Nevada Senate Committee on Labor and Commerce,* 62nd Legislative Session (1983) (statement of Mr. Robert Gibb, General Counsel, SIIS). Thus, we may infer the legislature intended to approve the offset for the same injury. Hughes Properties v. State of Nevada, 100 Nev. 295, 298, 680 P.2d 970, 972 (1984) (quoting Summa Corp. v. State Gaming Control Bd., 98 Nev. 390, 392, 649 P.2d 1363, 1365 (1982)).

Accordingly, though we reach the same conclusion by a different path, we affirm the decision of the district court. Roberts v. State of Nevada, 104 Nev. 33, 40, 752 P.2d 221, 225 (1988).